**2014-1495**

UNITED STATES COURT OF APPEALS FOR THE FEDERAL CIRCUIT

PI-NET INTERNATIONAL, INC.,

Plaintiff-Appellant,

AND

DR. LAKSHMI ARUNACHALAM,

Plaintiff-Appellant,

v.

JPMORGAN CHASE & CO.,

Defendant-Appellee.

*Appeal from the United States District Court for the District of Delaware in Case No. 1:12-cv-00282, Judge Sue L. Robinson*

### RESPONDENT JPMORGAN CHASE & CO.'S MOTION FOR LEAVE TO FILE AN EXTENDED APPEAL BRIEF

Douglas R. Nemec
Daniel A. DeVito
Edward L. Tulin
Andrew D. Gish
SKADDEN, ARPS, SLATE
    MEAGHER & FLOM LLP
Four Times Square
New York, New York 10036-6522
Tel.: (212) 735-3000

Robert S. Saunders
Jessica R. Kunz
SKADDEN, ARPS, SLATE
   MEAGHER & FLOM LLP
920 N. King Street, 7th Floor
Wilmington, Delaware 19801
Tel.: (302) 651-3000

*Attorneys for Defendant-Appellee
JPMorgan Chase & Co.*

February 26, 2015

**TABLE OF CONTENTS**

Page

TABLE OF AUTHORITIES ................................................................................ ii

PRELIMINARY STATEMENT ..........................................................................1

I.     STATEMENT OF RELEVANT FACTS ....................................................2

II.    TO GIVE JPMC THE OPPORTUNITY TO FULLY RESPOND TO PI-NET'S ARGUMENTS, THE COURT SHOULD GRANT JPMC LEAVE TO FILE A RESPONSE BRIEF OF 15,259 WORDS .....................7

III.   CONCLUSION............................................................................................8

# TABLE OF AUTHORITIES

Cases                                                                                                        Page

*SAP America, Inc. v. Arunachalam*, No. IPR2013-00194, 2014 WL
    4716234 (P.T.A.B. Sept. 18, 2014) ................................................................3

*SAP America, Inc. v. Arunachalam*, No. IPR2013-00195, 2014 WL
    4716235 (P.T.A.B. Sept. 18, 2014) ................................................................3

*SAP America, Inc. v. Arunachalam*, No. CBM2013-00013, 2014 WL
    4716094 (P.T.A.B. Sept. 18, 2014) ................................................................3

Statutes and Rules

Fed. R. App. P. 27(a)(1) ...............................................................................1

Fed. R. App. P. 32(a)(7)(B)(i) ................................................................1, 7, 8

Fed. Cir. R. 28(a)(4) ....................................................................................1

Fed. Cir. R. 28(c) .........................................................................................8

Fed. Cir. R. 47.5 ..........................................................................................1

Other Authorities

AFi: Americans For Innovation,
    http://americans4innovation.blogspot.com/ (last visited
    Feb. 26, 2015) ..............................................................................................2

# PRELIMINARY STATEMENT

Pursuant to Federal Rule of Appellate Procedure 27(a)(1), Defendant-Appellee JPMorgan Chase & Co. ("JPMC") respectfully moves for leave to file a response brief of commensurate size to Pi-Net International, Inc.'s ("Pi-Net") opening brief, which Dr. Lakshmi Arunachalam (together with Pi-Net, hereinafter "Appellants") has adopted as her own.[1]  Appellants' opening brief contains a certificate of compliance executed by Pi-Net's counsel, falsely stating that it adheres to the 14,000 word limit of Federal Rule of Appellate Procedure 32(a)(7)(B)(i).[2]  Contrary to this certificate, the true length of Pi-Net's opening brief is at least 15,259 words.  Appellants artificially decreased the word count of their brief by deliberately deleting the spaces between separate words.  Counsel for

---

[1]  Docket entries in *Pi-Net International Inc. v. JPMorgan Chase & Co.*, No. 1:12-cv-00282-SLR (D. Del. filed Mar. 7, 2012), are cited herein as "Del. Dkt. No. \_\_."  Docket entries in the present action, *Pi-Net International Inc. v. JPMorgan Chase & Co.*, No. 2014-1495 (Fed. Cir. filed May 23, 2014), are cited herein as "Dkt. No. \_\_."

[2]  Pursuant to Federal Circuit Rules 28(a)(4) and 47.5, Pi-Net was additionally responsible for providing a complete and accurate statement of related cases in its opening brief.  Although there are numerous pending district court actions in which Pi-Net and/or Dr. Arunachalam have asserted the patents at issue in this appeal and/or related patents, Pi-Net's opening brief states that "No other case known to Plaintiff's counsel will directly affect or be directly affected by this appeal."  Dkt. No. 56, at pg. x.  JPMC alerted counsel for Pi-Net to this issue in an email of December 18, 2014.  *See* Ex. 5, at 1 ("the brief incorrectly states that there are no related cases, when in fact there are numerous pending cases the outcome of which may be impacted by this appeal").  However, Pi-Net and Dr. Arunachalam have failed to cure this deficiency.

JPMC alerted both Dr. Arunachalam and counsel for Pi-Net to this violation more than two months ago.  However, Pi-Net declined to file a corrected brief, and Dr. Arunachalam subsequently adopted Pi-Net's improper brief as her own.  To ensure that this deception does not deprive JPMC of the opportunity to fully respond to Appellants' arguments, JPMC respectfully moves for leave to file a response brief of 15,259 words, and for recovery of its fees and costs associated with bringing this motion.

**I.   STATEMENT OF RELEVANT FACTS**

Throughout its litigation campaign, Pi-Net and its principal, Dr. Lakshmi Arunachalam, have vocally complained of imagined infractions by opposing parties, counsel, and judicial officers.  For instance, Pi-Net has repeatedly asserted that the United States District Court for the District of Delaware's grant of summary judgment constitutes "fraud on the court in that Judges had financial holdings in a litigant."  *E.g.*, Del. Dkt. No. 191, at 4.  Similarly, Pi-Net has claimed that JPMC's opposition to Pi-Net's motion to substitute in this Court "evidences collusion and corruption among officers of the Court."  Dkt. No. 35, at 2.  More recently, Dr. Arunachalam has expanded on these frivolous allegations on what appears to be her personal blog, or a blog that she contributes to, AFi: Americans

For Innovation, http://americans4innovation.blogspot.com/ (last visited Feb. 26, 2015) (hereinafter, "the AFi Blog").[3]

Despite these and other accusations of rule breaking—which have been thoroughly and repeatedly rebutted—Appellants themselves are the ones who have violated the rules of this Court and other forums.  For example, in this appeal, Dr. Arunachalam has improperly filed motions under her own name.  S*ee, e.g.*, Dkt. No. 39, at 2.  Similarly, in recent proceedings before the Patent Trial and Appeal Board ("PTAB")—in which all three of the patents asserted in this suit were invalidated[4]—Pi-Net repeatedly filed documents without leave of the PTAB, despite its repeated admonitions to the contrary.  Ex. 2, at 4-5.  In response, the PTAB issued its first-ever sanctions, prohibiting Dr. Arunachalam from

---

[3] The AFi Blog is published anonymously.  *See* Ex. 1.  However, the Patent Trial and Appeal Board ("PTAB"), in the course of censuring Dr. Arunachalam for publishing "sensitive information and unsubstantiated allegations" regarding a PTAB judge on the blog, determined that Dr. Arunachalam is the blog's author or, at a minimum, contributes material to the blog.  Ex. 2, at 2.  The AFi Blog has accused numerous jurists, politicians, and businessmen of conspiring to form a "judicial patent theft syndicate," each member of which is depicted on a backdrop of crosshairs and skulls.  Ex. 1, at 1-2; Ex. 2, at 2.  Further, the AFi Blog baselessly accuses JPMC's counsel of corruption.  Ex. 1, at 7.

[4] *See SAP Am., Inc. v. Arunachalam*, No. IPR2013-00194, 2014 WL 4716234, at *1-2 (P.T.A.B. Sept. 18, 2014); *SAP Am., Inc. v. Arunachalam*, No. IPR2013-00195, 2014 WL 4716235, at *1-2 (P.T.A.B. Sept. 18, 2014); *SAP Am., Inc. v. Arunachalam*, No. CBM2013-00013, 2014 WL 4716094, at *1-2 (P.T.A.B. Sept. 18, 2014).

3

electronically filing documents through the PTAB's Patent Review Processing System ("PRPS") and threatening an adverse judgment for future violations. *Id*. at 5.

Appellants' opening appeal brief continues their pattern of deliberate disregard for the Court's rules. On December 1, 2014, Pi-Net filed its opening appeal brief, including a signed certification of Pi-Net's counsel, William Weidner,[5] asserting that "[t]he brief contains 13,862 words." Dkt. No. 51, at 69. On December 2, 2014, the Court rejected Pi-Net's opening brief because it did not "contain the judgment, order, or decision in question, and any opinion, memorandum, or findings and conclusions supporting it." Dkt. No. 52, at 2. On December 5, 2014, Pi-Net filed a corrected appeal brief, again including a signed certification of William Weidner asserting that "[t]he brief contains 13,862 words." Dkt. No. 55, at 69; Dkt. No. 56, at 69.

Both of Mr. Weidner's certifications were false. In fact, Pi-Net's appeal brief artificially achieves a word count of 13,862 simply by deleting the spaces between

---

[5] Counsel for Pi-Net is admitted to practice before this Court, and is therefore presumably familiar with its rules.

words, including the spaces between the words of nearly every citation in the brief.[6] The below table provides representative examples of this tactic:

| Examples of Improper Compound Words, Phrases or Citations in Appellant's Brief (Dkt. No. 56) | |
|---|---|
| **Compound Word** | **Page No. in Brief** |
| "Webbrowser" | 2 |
| "Webtransactions" | 2 |
| "(A-71,73,'492:1:33-2:45;5:40-54)" | 3 |
| "*Thorner.v.SonyComputerEntm'tAm.LLC*,669F3d1362,1365(Fed.Cir.2012)" | 3 |
| "capabilities...from...Webbrowser...one-way" | 3 |
| "*OmegaEnggInc.v.RaytekCorp*334F3d1314,1334(Fed.Cir.2003)" | 5 |
| "*HalliburtonEnergyServs.*,514F3d,1255-56,85USPQ2d,1663" | 9 |
| "LLC,474F.3d1361,1370(Fed.Cir.2007)('Even . . ." | 17 n.1 |
| "(A-72,74'492:8:8-39;7:10-23;8:8-9:33;4:58-5:27)" | 24 |
| "(A-17-19'500:6:66-7:12; 9:1-16;Exchange 6:7-65;Fig.5B,VANswitch A-18-19,8:33-9:16;7:64-8:4;8:19-31;'500filehistory,)" | 37 |
| "*ChicagoBd.OptionsExch.,Inc.v.Int'l Sec.Exch.*, LLC,748 F.3d1134,1141-42(Fed.Cir.2014)" | 43 |
| "'178/'500filehistories" | 53 |

---

[6] Pi-Net's brief additionally manipulates the word count by omitting citations (*e.g.*, Dkt. No. 56, at 3 ("Claim construction is an issue of law reviewed de novo. Applying law of regional circuit, grant of summary judgment is reviewed de novo.")), writing in fragmented sentences (*e.g.*, *id.* at 1 ("Judge Andrews, after two years, transferred case to Judge Robinson. Markman conducted a week later. DDC ruled. Two days later, Notice of Appeal filed, against client instructions. Judges failed to recuse despite financial and relationship conflicts of interest.")), and referencing prior arguments using unexplained "CR" codes (*e.g.*, *id.* at 1 ("*See CR1.*")). While these tactics are also improper, Pi-Net's flagrant deletion of spaces to manipulate the word count is sufficient basis alone to justify extending the length of JPMC's response brief.

By improperly deleting spaces within case citations, record citations, and multi-word disputed claim terms, Appellants were able to give the false impression that each of these phrases counts as only a single word. To estimate the true word count of Pi-Net's opening brief, JPMC manually reintroduced the spaces that had been improperly removed and corrected the inadequate citations. Nemec Transmittal Decl. ¶ 3. These corrections are attached as Exhibit 3,[7] and a redline against the original version of Pi-Net's opening brief is attached as Exhibit 4. Though it remains Appellants' responsibility to provide this Court with an accurate word count for their own brief, JPMC calculates that Appellants' brief contains at least 15,259 words. Ex. 3; Ex. 4.

In a December 18, 2014 e-mail, counsel for JPMC alerted counsel for Pi-Net that "the actual word count of [Pi-Net's] brief is higher than that indicated in your certification, and in fact is well in excess of the 14,000 word limit prescribed in the Federal Circuit rules." Ex. 5, at 1. Counsel for JPMC further expressed the concern that "a conscious effort was made to compress citations and conjoin words so as to artificially reduce the word count." *Id*. Finally, counsel for JPMC offered to allow Pi-Net to "seek leave to file a corrected brief that complies with the

---

[7] JPMC can provide a text-editable Microsoft Word version of this document upon request.

14,000 word . . . limit." *Id*. Neither Pi-Net nor its principal, Dr. Lakshmi Arunachalam, sought leave to file a corrected brief.

In a December 2014 e-mail chain following up on this message, counsel for JPMC conferred with Dr. Arunachalam regarding the above deficiencies.[8] Ex. 6, at 3. Rather than correct the violations, Dr. Arunachalam suggested that the parties delay further action until the Court ruled on Dr. Arunachalam's then-pending Motion to Substitute Parties (Dkt. No. 44). Ex. 6, at 3. The Court ruled on that motion on February 5, 2015, joining Dr. Arunachalam as a party along with Pi-Net. Dkt. No. 59. Dr. Arunachalam filed a statement adopting Pi-Net's brief—which she knew to be improper—as her own, and neither Appellant corrected the errors previously brought to their attention. Dkt. No. 62, at 3.

## II. TO GIVE JPMC THE OPPORTUNITY TO FULLY RESPOND TO PI-NET'S ARGUMENTS, THE COURT SHOULD GRANT JPMC LEAVE TO FILE A RESPONSE BRIEF OF 15,259 WORDS

The Federal Rules of Appellate Procedure limit an appeal brief to 14,000 words. *See* Fed. R. App. P. 32(a)(7)(B)(i). Pi-Net's corrected appeal brief contains a certification of Pi-Net's counsel averring that the brief "complies with the type-volume limitation of Federal Rule[] of Appellate Procedure 32(a)(7)(B)" because "[t]he brief contains only 13,862 words." Dr. Arunachalam has adopted that brief.

---

[8] Counsel for Pi-Net was copied on this e-mail chain, but failed to take any action to correct the deficiencies in Pi-Net's brief. Ex. 6.

Dkt. No. 62, at 3. However, as discussed above, correcting for Appellants' manipulations, the true word count is at least 15,259 words. Ex. 3; Ex. 4.

In order to allow JPMC a full and fair opportunity to respond to Appellants' arguments, JPMC should be permitted a brief of commensurate length. In addition, JPMC should not be punished for Appellants' violation of the Court's rules, and therefore respectfully requests that the Court sanction Appellants and award JPMC the fees and costs it has incurred in bringing this motion.[9]

### III.  CONCLUSION

For the foregoing reasons, JPMC respectfully requests leave to exceed the length limitation of Federal Rule of Appellate Procedure 32(a)(7)(B)(i) and file a response brief of 15,259 words, and respectfully requests that the Court sanction Appellants by awarding JPMC its fees and costs associated with this motion.

---

[9] Pi-Net offered to allow JPMC to file an extended brief, *see* Ex. 6, at 3, but refused to join a motion explaining the facts necessitating an extension. *Id.* at 1. However, because this Court "looks with disfavor on a motion to file an extended brief," Fed. Cir. R. 28(c), Pi-Net's limited assent did not excuse JPMC's duty to explain the basis for its request, did not alleviate the burden of drafting this motion, and cannot diminish the fees due JPMC.

|  |  |
|---|---|
|  | */s/ Douglas R. Nemec* |
|  |  |
|  | Daniel A. DeVito |
| Robert S. Saunders (ID No. 3027) | Douglas R. Nemec |
| Jessica Raatz Kunz (ID No. 5698) | Edward L. Tulin |
| SKADDEN, ARPS, SLATE, | Andrew D. Gish |
|   MEAGHER & FLOM LLP | SKADDEN, ARPS, SLATE, |
| 920 N. King Street, 7th Floor |   MEAGHER & FLOM LLP |
| Wilmington, Delaware 19801 | Four Times Square |
| Tel.: (302) 651-3000 | New York, New York 10036 |
| Fax: (302) 651-3001 | Tel.: (212) 735-3000 |
| rob.saunders@skadden.com | daniel.devito@skadden.com |
| jessica.kunz@skadden.com | douglas.nemec@skadden.com |
|  | edward.tulin@skadden.com |
|  | andrew.gish@skadden.com |
|  |  |
|  | *Attorneys for Defendant-Appellee* |
| Dated: February 26, 2015 | *JPMorgan Chase & Co.* |

# CERTIFICATE OF INTEREST

Counsel for appellee JPMorgan Chase & Co. certifies the following:

1. The full name of every party or amicus who has been represented by me is:

JPMorgan Chase & Co.

2. The name of the real party in interest (if the party named in the caption is not the real party in interest) represented by me is:

JPMorgan Chase & Co.

3. All parent corporations and any publicly held companies that own 10 percent or more of the stock of the party or amicus curiae represented by me are:

None.

4. The names of all law firms and the partners or associates that appeared for the party or amicus now represented by me in the trial court or agency or are expected to appear in this court are:

Skadden, Arps, Slate, Meagher & Flom LLP (Daniel A. DeVito, Douglas R. Nemec, Robert S. Saunders, Edward L. Tulin, Andrew D. Gish, Jessica R. Kunz)

Date:  February 26, 2015            /s/ Douglas R. Nemec

# UNITED STATES COURT OF APPEALS
# FOR THE FEDERAL CIRCUIT

*Pi-Net International, Inc. v. JPMorgan Chase & Co.*,
No. 14-1495

# CERTIFICATE OF SERVICE

I certify that, on February 26, 2015, a copy of the attached document was served via email on Dr. Lakshmi Arunachalam and counsel for Pi-Net International, Inc. at the following addresses:

    William J. Weidner
    Bell Law Firm, P.C.
    29100 SW Town Center Loop W, #200
    Wilsonville, Oregon  97070
    Tel.:  (503) 682-8840
    Fax:  (503) 682-9895
    Email:  bill@blf-pc.com

    Dr. Lakshmi Arunachalam
    222 Stanford Avenue
    Menlo Park, CA 94025
    Tel:  (650) 854-3393
    Email:  laks22002@yahoo.com

                                        */s/ Douglas R. Nemec*

**2014-1495**

UNITED STATES COURT OF APPEALS FOR THE FEDERAL CIRCUIT

PI-NET INTERNATIONAL, INC.,

Plaintiff-Appellant,

AND

DR. LAKSHMI ARUNACHALAM

Plaintiff-Appellant,

v.

JPMORGAN CHASE & CO.,

Defendant-Appellee.

*Appeal from the United States District Court for the District of Delaware in Case No. 1:12-cv-00282, Judge Sue L. Robinson*

**TRANSMITTAL DECLARATION OF DOUGLAS R. NEMEC**

I, Douglas R. Nemec, declare under penalty of perjury that the foregoing is true and correct:

1. I am a partner at the law firm of Skadden, Arps, Slate, Meagher & Flom LLP and an attorney representing Defendant-Appellee JPMorgan Chase & Co. in the above-captioned action. I submit this declaration in further support of Respondent JPMorgan Chase & Co.'s Motion for Leave to File an Extended Appeal Brief.

2. Attached hereto are true and correct copies of the following documents:

| Exhibit | Description |
|---|---|
| 1 | December 17, 2014 Print of Americans For Innovation Blog (http://americans4innovation.blogspot.com/) |

| Exhibit | Description |
|---|---|
| 2 | December 5, 2014 Order Expunging Unauthorized Filings and Imposing Sanctions (IPR2014-00413, Paper 23; IPR2014-00414, Paper 21) |
| 3 | Modified Version of Pi-Net's Corrected Brief, Reintroducing Spaces and Correcting Improper Citations (Word Count: 15,259) |
| 4 | Redline of Modified Version of Pi-Net's Corrected Brief Against Original Version of Pi-Net's Corrected Brief |
| 5 | December 18, 2014 E-Mail from Douglas Nemec to William Weidner re: 2014-1495 Pi-Net International, Inc. v. JPMorgan Chase & Co. |
| 6 | December 22, 2014 E-Mail Chain between Lakshmi Arunachalam, Counsel for Pi-Net, and Counsel for JPMC re: Your email today to Bill Weiner about your proposed Motion to CAFC |

3. My team generated Exhibit 3 by (1) converting the PDF of Pi-Net's opening brief to text-editable Microsoft Word format; (2) reintroducing spaces between separate words; (3) correcting improper citations; and (4) performing a word count (excluding page numbers and the words on the first page of Exhibit 3) using Microsoft Word. To the best of my knowledge, Exhibit 3 represents a conservative estimate of the proper word count of Pi-Net's opening brief.

4. My team generated Exhibit 4 by using Litera Change-Pro software to create a redline of Exhibit 3 against the unedited Microsoft Word version of Pi-Net's opening brief.

<table>
<tr><td></td><td>/s/ Douglas R. Nemec</td></tr>
<tr><td></td><td>Douglas R. Nemec<br>Daniel A. DeVito<br>Edward L. Tulin<br>Andrew D. Gish<br>SKADDEN, ARPS, SLATE<br>   MEAGHER & FLOM LLP<br>Four Times Square<br>New York, New York 10036-6522<br>Tel.: (212) 735-3000</td></tr>
<tr><td></td><td>Robert S. Saunders<br>Jessica R. Kunz<br>SKADDEN, ARPS, SLATE<br>   MEAGHER & FLOM LLP<br>920 N. King Street, 7th Floor<br>Wilmington, Delaware 19801<br>Tel.: (302) 651-3000</td></tr>
<tr><td>DATED: February 26, 2015</td><td>*Attorneys for Defendant-Appellee*<br>*JPMorgan Chase & Co.*</td></tr>
</table>