**2014-1495**

---

In The
# UNITED STATES COURT OF APPEALS
### For The Federal Circuit

---

## PI-NET INTERNATIONAL, INC.,
*Plaintiff-Appellant,*

**AND**

## DR. LAKSHMI ARUNACHALAM,
*Plaintiff-Appellant,*

**V.**

## JPMORGAN CHASE & CO.,
*Defendant-Appellee,*

---

Appeal from the United States District Court for the District of Delaware
in Case No. 1:12-cv-00282, Judge Sue L. Robinson

---

### PLAINTIFF-APPELLANTS' RESPONSE PER COURT ORDER OF MARCH 17, 2015, DOC. 67

March 26, 2015

Dr. Lakshmi Arunachalam,     and
222 Stanford Avenue,
Menlo Park, CA 94025
Tel: 650.690.0995

*Pro Se Plaintiff-Appellant,*
*Dr. Lakshmi Arunachalam*

William J. Weidner
Bell Law Firm, P.C.
29100 SW Town Ctr Loop W, #200
Wilsonville, Oregon 97070
Telephone: (503) 682-8840
Facsimile: (503) 682-9895

*Attorney for Plaintiff-Appellant*
*Pi-Net International, Inc.*

**UNITED STATES COURT OF APPEALS FOR THE FEDERAL CIRCUIT**

Pi-Net International, Inc. and  Dr. Lakshmi Arunachalam
v.
JPMorgan Chase & Co.
No. 2014-1495

**CERTIFICATE OF INTEREST**

Attorney for Plaintiff-Appellant, Pi-Net International, Inc. certifies the following:

1. The full name of every party or amicus represented by me is:

Pi-Net International, Inc.

2. The name of the real party in interest (if the party named in the caption is not the real party in interest) represented by me is:

Pi-Net International, Inc.

3. All parent corporations and any publicly held companies that own 10 percent or more of the stock of the party or amicus curiae represented by me are:

None

4. The names of all law firms and the partners or associates that appeared for the party or amicus now represented by me in the trial court or agency or are expected to appear in this court are:

William J. Weidner, Bell Law Firm, P.C.
Dr. Lakshmi Arunachalam,
Withdrawn: George Pazuniak, Victoria Brieant, John Carpenter

March 26, 2015                          /s/*William Weidner*
         Date                        Signature of counsel

                                       William J. Weidner
                                     Printed name of counsel

# TABLE OF CONTENTS

CERTIFICATE OF INTEREST…………………………………………...2

**PLAINTIFF-APPELLANTS' RESPONSE PER COURT ORDER OF MARCH 17, 2015, DOC. 67**…………………………………………….5

**1.** TEMPEST IN A TEAPOT: JPMC IMPUTING MALICE INTO THE USE OF SPACES DESIGNED ONLY TO CAST PLAINTIFF-APPELLANT IN A BAD LIGHT WITH THE COURT. JPMC OMITTED REPORTING THE FULL CONTEXT OF THE COURSE OF EVENTS…………………….…5

**2.** JPMC ELEVATES A SIMPLE WORD COUNT INTO A NEFARIOUS CONSPIRACY, OMITTING THE FULL CONTEXT………………………..6

**3.** DR. ARUNACHALAM's DOCTOR'S ORDER TO AVERT A MEDICAL CRISIS…………………………………………………….....8

**4.** COURT ISSUED A CONFUSING ORDER, WITH UNKNOWN DEADLINE FOR FILING OPENING BRIEF, REQUIRING CLARIFICATION……………………………………………………….9

**5.** JPMC MADE FALSE STATEMENTS, MADE A MOUNTAIN OUT OF A MOLEHILL WTH THE INTENT TO KILL THE APPEAL: DR. ARUNACHALAM, PI-NET AND MR. WEIDNER FOLLOWED STANDARD PRACTICES IN THE PATENT WORLD TO DENOTE PATENT NUMBERS, COLUMN AND LINE NUMBERS. "POSvc APPLICATION" IS TERMED SO IN THE PATENTS…………………...13

**6.** CONCLUSION……………………………………………….....19

CERTIFICATE OF SERVICE………………………………………...21

DECLARATION BY WILLIAM J. WEIDNER………………….......22

DECLARATION BY DR. LAKSHMI ARUNACHALAM…………….26

# TABLE OF AUTHORITIES

*Foman v. Davis*, 371 U.S. 178 (1962)…………………………………………13, 18

**UNITED STATES COURT OF APPEALS FOR THE FEDERAL CIRCUIT**

Pi-Net International, Inc. and  Dr. Lakshmi Arunachalam
v.
JPMorgan Chase & Co.
No. 2014-1495

**PLAINTIFF-APPELLANTS' RESPONSE PER COURT ORDER OF
MARCH 17, 2015, DOC. 67**

Plaintiff-Appellant Pi-Net International, Inc. ("Pi-Net") and Pro Se Plaintiff-Appellant, Dr. Lakshmi Arunachalam ("Dr. Arunachalam") hereby file this Response as per Court Order of March 17, 2015, Doc. 67. The Court's Order followed Defendant-Appellee JP Morgan Chase & Co.'s ("JPMC") Motion for Leave to File an Extended Appeal Brief. *Pro Se* Plaintiff-Appellant Dr. Arunachalam filed her Response to JPMC's Motion for Leave to File an Extended Appeal Brief on March 10, 2015, Doc. 68, but the Court docketing clerk entered it in the docket only on March 19, 2015 after the Court's Order of March 17, 2015. It is apparent that the Court had not yet read Dr. Arunachalam's Response, Doc. 68 filed on March 10, 2015, before the Court's Order of March 17, 2015.

**1.     TEMPEST IN A TEAPOT: JPMC IMPUTING MALICE INTO THE
USE OF SPACES DESIGNED ONLY TO CAST PLAINTIFF-APPELLANT
IN A BAD LIGHT WITH THE COURT. JPMC OMITTED REPORTING
THE FULL CONTEXT OF THE COURSE OF EVENTS**

JPMC included several disparaging statements, which are clearly meant to cast Plaintiff-Appellants in a bad light. JPMC's "false impression" rhetoric is

entirely unnecessary. Use of such unsupported innuendo is wholly inappropriate.

Word count is a fact. Imputation of bad faith is designed only to cast Plaintiff-

Appellants in a bad light with the Court. JPMC stretched the innuendo to the

breaking point when imputing malice into the use of spaces: "Flagrant deletion of

spaces to manipulate the word count." Such comments are attempting to make an

argument where there is no argument.  Defendant-Appellee imputes more bad faith

by describing the word count as "artificially" achieved. Clearly JPMC thought so

and asked Plaintiff-Appellants for leave to file more words, which was granted.

This argument is a tempest in a teapot. JPMC has made a mountain out of a

molehill. JPMC inappropriately makes statements about presumption of familiarity

with the court rules. Any opposing attorney in any court could speculate thusly.

This argument achieves no useful purpose.  Counting words is not a "tactic," it is a

fact.

## 2.    JPMC ELEVATES A SIMPLE WORD COUNT INTO A NEFARIOUS CONSPIRACY, OMITTING THE FULL CONTEXT

JPMC attempts wholly inappropriately to elevate a simple word count into a

nefarious conspiracy. JPMC uses more inflammatory rhetoric that is attempting to

make a controversy out of a simple word count, which JPMC was given leave to

go over in order to avoid any prejudice. JPMC imputes malice in its use of the

phrase "deliberate disregard," when JPMC cannot possibly know another person's

motive. JPMC incorrectly accuses Pi-Net's counsel, Mr. Weidner of false

certification. This is the pot calling the kettle black. For example, Defendant-Appellee JPMC's expert witness Ms. Spielman gave false testimony to the Delaware District Court in her false technical and legal statements (of which numerous examples abound), despite not being a lawyer, designed by JPMC to skew that Court away from factual information that exists to the contrary from the very patent specification, original prosecution history of the patents-in-suit, their parent patents, the provisional patent application with S/N 60/006,634 from which these patents derive their priority date and technical information commonly known to one of ordinary skill in the art at the time of the invention. For example, Hon. Judge Robinson of the Delaware District Court parrots Ms. Spielman on p. 21, Exhibit F of the Addendum to the Corrected Opening Appeal Brief that "the specification only offers a block diagram of a "back-office," generally identifying a system and applications.... Nowhere in the specification does the inventor indicate that she had possession of such a system." Any lay person knows that Banks had "back-office" systems and applications for eons of years. The very patent specification states so on column 5 of the patents-in-suit. The inventions in these patents are not about "back-office systems." Dan DeVito of Skadden Arps, counsel to JPMC, and Mr. Reines, both then at Weil Gotschal, used this Court's Hon. Judge Kimberly Moore as an expert witness in a patent case presided over by Delaware District Court Hon. Judge Sue L. Robinson, who presided over the

subject case in the Delaware District Court. Ed Tulin of Skadden Arps appeared as counsel to JPMC in the Delaware District Court, did a clerkship for the Judges in that Court. Relationship conflicts of interest are in question.

Defendant-Appellee has presented Mr. Weidner's certification of the word count out of context, not giving the full details of the course of events. Plaintiff-Appellants did not artificially decrease the word count of their brief and did not deliberately delete the spaces, as JPMC alleges. To the contrary, Pi-Net's CEO and inventor, Dr. Arunachalam, with Mr. Weidner assisting her, worked very sincerely 22 hours a day for many months to get the brief ready against an unknown deadline not clarified by the Court.

## 3.    DR. ARUNACHALAM's DOCTOR'S ORDER TO AVERT A MEDICAL CRISIS

Mr. Weidner made entry of appearance on November 3, 2014 as Pi-Net's counsel. Pi-Net filed an emergency Motion, Doc. 45 on November 4, 2014 and Doc. 46 on November 5, 2014 (attached herewith), asking for extension of time from the deadline date of November 10, 2014 for filing the Opening Brief on December 1, 2014, primarily for medical reasons, as per Dr. Arunachalam's doctor's orders to attend to her health as top priority  to avoid a medical crisis (attached herewith is Dr. Madan's medical certificate of Dr. Arunachalam's medical condition.) Working 22 hours a day was killing Dr. Arunachalam, and she got quite limp and weak from working so many continuous hours non-stop in order

to meet the Court's deadline. She and Mr. Weidner made a genuine effort to meet the word count limit.

**4.     COURT ISSUED A CONFUSING ORDER, WITH UNKNOWN DEADLINE FOR FILING OPENING BRIEF, REQUIRING CLARIFICATION**

The Court issued an ORDER, Doc. 47 (attached herewith) on November 7, 2014 granting Plaintiff-Appellant's motion to "extend time to file appellant's opening brief [45] [46] filed by Appellant Pi-Net International, Inc." The same Order also stated that "The briefing schedule is stayed pending the court's disposition of Pi-Net's November 4, 2014 motion to substitute." This was confusing, because the Court granted Pi-Net's Motion to extend the time, (which Pi-Net had requested the Court to extend the deadline to December 1, 2014) to file the Opening Appeal Brief, on the one hand, and yet on the other hand, stayed the briefing schedule until it ruled on the Motion to Substitute, Doc. 44 filed by Pi-Net on November 4, 2014.  So the deadline for filing Pi-Net's Opening Brief remained unknown.

With regard to the so-called deadline date of December 1, 2015, the Clerk's office stated to Pi-Net's counsel, Mr. Weidner and Dr. Arunachalam on the phone that the filing deadline had been stayed, pending the ruling on the Motion to Substitute. Pi-Net  filed an Emergency Motion, Doc. 50  on November 30, 2014 via CM/ECF (although the court docket erroneously shows docketing date as

December 1, 2014) (The Docket states: "Doc. 50: MOTION of Appellant Pi-Net International, Inc. to clarify [47] ,[47]. Response/Opposition is due 12/15/2014 [Consent: not addressed]. Service: 11/30/2014 by email. [200565]") to have the Court clarify the previously confusing Order of November 7, 2014, Doc. 47 and to provide in writing that the Dec. 1, 2014 deadline had been stayed. The Clerk's Office also stated to Pi-Net's counsel and Dr. Arunachalam that while a Motion (Motion Doc. 50 and also Motion Doc. 44) is pending, Pi-Net is not required to file its Opening Brief. The Court did not issue any written Order or statement clarifying the confusion over the deadline date for filing the Opening Appeal Brief, in response to Pi-Net's Motion, Doc. 50. With an unknown deadline date for filing the Opening Brief, in an abundance of caution, Pi-Net filed the Opening Appeal Brief on December 1, 2014, which Pi-Net assumed was the original deadline set previously in the confusing Order by the Court, Doc. 47 of November 7, 2014. So, Dr. Arunachalam had to freeze the version she had gotten to up to that date, working diligently, literally night and day, reducing the word count. After not hearing back from the Court in writing to clarify the deadline date, Pi-Net felt it had to file it before close of business day on December 1, 2014, in an abundance of caution. It was Dr. Arunachalam's first time writing an Appeal Brief at the Federal Circuit. It was also Pi-Net's counsel, Mr. Weidner's first time writing an Appeal Brief at the Federal Circuit. Contrary to JPMC's allegations that the brief was

"improper" and characterizing it as "deception" on the part of Dr. Arunachalam, Plaintiff-Appellant Pi-Net and Pi-Net's Counsel, Mr. Weidner, the fact is  Plaintiff-Appellant made a sincere and genuine effort to bring the Brief under the word count limit, with Dr. Arunachalam working night and day to the point of getting sick at her age of 67 and with serious medical problems, and was forced to file it on December 1, 2014 with no written communication from the Court on that day to clarify in writing that the previously confusing Order by the Court indeed had stayed that December 1, 2014 deadline. Plaintiff-Appellant Dr. Arunachalam only asked for an impartial judge/tribunal, which is a constitutional right. Plaintiff-Appellant has not violated the rules of this Court or any other Court or forums, nor has Dr. Arunachalam improperly filed any motions, as JPMC alleges.

There has been no disregard for the Court rules nor deliberate disregard on the part of Plaintiff-Appellants, Pi-Net or Dr. Arunachalam or Pi-Net's counsel, Mr. Weidner,  as alleged by JPMC.

JPMC alleges that Plaintiff-Appellant used improper compound words or citations, unexplained "CR" codes, improper tactics, improperly deleting spaces and gave a false impression. To the contrary, Plaintiff-Appellants neither gave a false impression nor did Plaintiff-Appellants try to give a false impression. Pi-Net's counsel's certifications were not false. "CR" is ***not*** unexplained, as JPMC alleges. It was shown as Cross-Reference, and there is nothing improper about

using Cross-References in a document to avoid redundant statements made repeatedly in multiple sections in the document. Plaintiff-Appellant Pi-Net's CEO and inventor, Dr. Arunachalam sincerely worked night and day and had to get leave from the Court for a medical emergency, and was forced to freeze the version of the document filed when the Court did not respond in writing to Pi-Net's Motion to find out if December 1, 2014 deadline had been stayed. Pi-Net met the Court's requirements and rules and timely filed the Appeal Brief on December 1, 2014, even though it appears that the deadline date for filing the Opening Brief had indeed been stayed and Plaintiff-Appellant Pi-Net filed the Opening Brief prematurely, in an abundance of caution, even though Pi-Net was not required to file it on December 1, 2014.

Instead of focusing on the substance of the Brief and the genuine effort that went into writing that brief, JPMC casts Pi-Net, Pi-Net's counsel and Dr. Arunachalam in an improper light, despite <u>Dr. Arunachalam's and Pi-Net's and Pi-Net's counsel, Mr. Weidner's honest, genuine efforts to comply with the Court Rules by an unknown deadline</u>. It was ***not*** an improper brief, nor did Dr. Arunachalam or Pi-Net or Pi-Net's counsel, Mr. Weidner engage in any deception, nor did Plaintiff-Appellant violate any Court Rules. JPMC needs to be reminded of Foman v. Davis, 371 U.S. 178 (1962) in which the Supreme Court ruled to focus on substance, not form or procedure.

This Court would be denying due process to Plaintiff-Appellants, Pi-Net and

Dr. Arunachalam, if this Court were to dismiss the Appeal, given the

circumstances of a medical emergency and Pi-Net was not even required to file the

Brief on December 1, 2014 and not until after the Court ruled on the Motion to

Substitute Plaintiff-Appellant on February 5, 2015 Order, Doc. 59, when the Court

ordered that "The stay is lifted. JPMorgan Chase & Co.'s brief is due within 54

days of the date of this order." Had Pi-Net not filed its Opening Brief on December

1, 2015,  likely the Court would have ordered that Pi-Net file its Opening  Brief by

a certain date in its February 5, 2015 Order, Doc. 59. Pi-Net would have then had

an opportunity to perfect its Opening Brief, which was not perfected due to Dr.

Arunachalam's emergency medical crisis.


**5.     JPMC MADE FALSE STATEMENTS, MADE A MOUNTAIN OUT OF A MOLEHILL WTH THE INTENT TO KILL THE APPEAL: DR. ARUNACHALAM, PI-NET AND MR. WEIDNER FOLLOWED STANDARD PRACTICES IN THE PATENT WORLD TO DENOTE PATENT NUMBERS, COLUMN AND LINE NUMBERS. "POSvc APPLICATION" IS TERMED SO IN THE PATENTS**

As for JPMC dramatizing the word count issue, Pi-Net hereby addresses the

points JPMC has raised. In the Table of Authorities, Dr. Arunachalam would have

expanded out the references/citations and made a notation as TOA1 in the Table of

Authorities, to denote the reference/citation as the notation TOA1 to n,  standing

for Table of Authority item No. 1 to n , had she not worked 30 hours non-stop the

night before and was literally dropping limp/dead. Taking one example on p. 3 of

the Opening Brief of what JPMC raises as a big issue,

"*Thorner.v.SonyComputerEntm'tAm.LLC*,669F3d1362,1365(Fed.Cir.2012)," Dr.

Arunachalam would have made a notation as TOA1 in the Table of Authorities, to

denote the reference/citation with the notation TOA1 standing for Table of

Authority 1.  Every time this reference was raised in the body of the document, it

would then appear as TOA1, which would still count only as one word, not

multiple words, if the spaces are given in the Table of Authorities as

"*Thorner .v. Sony Computer Entm't Am. LLC*, 669 F3d 1362, 1365 (Fed. Cir.

2012)."

JPMC has counted this citation (p. 9, Doc. 64-1 in their Motion) as 14 words x the

number of times this reference/citation appears in the body of the document. It is

JPMC who has artificially come up with more words than warranted. Likewise,

JPMC has counted each of the references/citations provided by Pi-Net in the same

manner and artificially arrived at bigger numbers than warranted, when this is an

easy fix, which would have been accomplished by Pi-Net and Dr. Arunachalam,

had Dr. Arunachalam not almost ready to drop dead after working non-stop

without eating or sleeping for 30 hours on the day of filing  and  had it not been

that Dr. Arunachalam had worked 22 hours a day for many months continuously

prior to and on December 1, 2014.  By addressing the expansion of the citation in

the Table of Authorities and using notations such as TOA1, the word count would not increase in Pi-Net's Brief, even though JPMC proposes to expand the number of words to an unduly large number of words, even though there would be no change at all required to the number of words stated by Pi-Net.

Likewise, for references/citations raised by JPMC, namely,

"*OmegaEnggInc.v.RaytekCorp*334F3d1314,1334(Fed.Cir.2003)",

"*HalliburtonEnergyServs.*,514F3d,1255-56,85USPQ2d,1663",

By using notations in the Table of Authorities as TOA2 and TOA3, the word count as currently stated in Pi-Net's Brief does not change, and in the Table of Authorities, the above citations would be expanded to:

"*Omega Engg Inc. v. Raytek Corp* 334 F3d 1314, 1334 (Fed. Cir. 2003)",

"*Halliburton Energy Servs.*, 514 F3d, 1255-56, 85 USP Q2d, 1663".

As for what JPMC cites as improper on p. 9 of their Motion at Doc. 64-1, despite Pi-Net's proper use of patent office standards for notations and procedures: "(A-71,73,'492:1:33-2:45;5:40-54)", there is nothing wrong with Pi-Net's use of commonly used notations in the patent world at all and follows the standard used in the patent world at the USPTO and in Courts to denote a patent number, column number and line numbers as follows:

Patent No. 8,108,492 denoted in the patent world as '492, and already shown in Pi-Net's Opening Appeal Brief and Corrected Appeal Brief at p. 1 as U.S. Patent No.

8,108,492 (" '492 "). The patent is attached in the Addendum in Pi-Net's Corrected Appeal Brief and Appendix. Likewise, Pi-Net's Opening Appeal Brief and Corrected Appeal Brief at p. 1 denotes U.S. Patent No. 5,987, 500 as (" '500 ") and attached in the Appendix. Pi-Net, nor Pi-Net's counsel, Mr. Weidner nor Dr. Arunachalam were engaged in any deception. In the patent world, it is common practice that a patent number, column number and line numbers are denoted as follows:

'492:1:33-2:45.

This is understood by anyone in the patent world as Patent number '492, column number 1, line 33 to column number 2, line 45. This is not deception. A-71, 73 stand for Appendix Page No. 71 and Appendix page No. 73. This is the standard in writing Appeal Briefs at the CAFC to denote the page numbers in the Appendix as A-71 or A-73.

Likewise for,

"(A-72,74'492:8:8-39;7:10-23;8:8-9:33;4:58-5:27)." This is commonly understood by one in the patent world as Appendix page 72 and Appendix page No. 74, '492 patent, column number 8, lines 8-39; column number 7, lines 10 to 23, and so on.)

Likewise, for

"(A-17-19'500:6:66-7:12; 9:1-16;Exchange 6:7-65;Fig.5B,VANswitch A-18-19,8:33-9:16;7:64-8:4;8:19-31;'500filehistory,)"

This is commonly understood by one in the patent world as Appendix page 17 page 19, '500 patent, column number 6, lines 66 to column number 7, line 12. This is the notation used at the USPTO and in the patent world in courts and by patent attorneys. The Appendix includes each of the patents-in-suit and Appendix A-17 to 19 shows the lines in that patent, the '500 patent. <u>The term "POSvc application" is used as such in the very patent specification at Columns 3, 6, 7 and 9 of each of the patents-in-suit</u>. The very fact that JPMC states this as an issue when the very patents call it a "POSvc application," shows that JPMC made false statements and falsely deceived the Court about Plaintiff-Appellants and made a mountain out of a molehill.

JPMC imputes deception on the part of Dr. Arunachalam and nefarious conspiracy with Mr. Weidner, regarding the words "file history," "Web browser" and "Web transactions" concatenated as "filehistory," "Webbrowser" and "Webtransactions," which Dr. Arunachalam would have entered into a Table of Notations in the Brief, had she not worked 30 hours non-stop without sleep or food the night before and had she not been so tired as to even drop dead. These were all small fixes, which JPMC made a mountain out of a molehill.

<u>The word count is correctly specified as 13,862, and is not false. Pi-Net's counsel, Mr. Weidner and Dr. Arunachalam, Pi-Net's CEO and inventor and assignee of the patents-in-suit used the tool provided by Microsoft Word to count</u>

the number of words, the final version provided to him by Dr. Arunachalam, and the word count came to 13862 words. Mr. Weidner did not make any false statements.

Case law states that a *pro se* Plaintiff should be given a lot of leeway in making errors. A *pro se* Plaintiff should not be sanctioned or penalized for filing a Brief, given the circumstances of both a medical crisis (from working 22 hours a day to genuinely reduce the word count to below 14000 words) and the fact that the deadline date for filing the Opening Brief was an unknown target and the Court's Order was confusing and did not provide written clarification of its Order whether the extension of time to file the Opening Brief was until December 1, 2014 or until the ruling comes out on the Motion to Substitute Plaintiff-Appellant. It was a first time for Dr. Arunachalam to write an Appeal Brief at the CAFC and it was also the first time for Pi-Net's counsel, Mr. Weidner to write and file an Appeal Brief at the CAFC. Therefore, the Court is respectfully requested not to dismiss the Appeal. In Foman v. Davis, (*Id*) the Supreme Court ruled that the focus should be on substance and not on form or procedure.

Pi-Net, Dr. Arunachalam and Mr. Weidner have worked genuinely, sincerely and diligently to reduce the word count to below 14000 words, despite working with minimal resources and against procedural roadblocks thrown at them by JPMC, and denial of due process.

JPMC has made a mountain out of a molehill just to kill the appeal by throwing procedural roadblocks. As the Court had not ruled even after the close of business day on December 1, 2014 whether the Brief was due December 1, 2014, Pi-Net's counsel filed the Brief on Dec 1, 2014 at the end of the day the final version provided to him by Dr. Arunachalam. Should the Court need a new Table of Authorities and Table of Notations in the Brief, it is a very small fix, that can be accomplished in short order by Plaintiff-Appellants and Mr. Weidner. This would not increase the word count from 13,862.

**6.** **CONCLUSION**: <u>For at least the above reasons, Plaintiff-Appellants respectfully request the Court to not dismiss the Appeal</u>. JPMC made a mountain out of a molehill, this is a tempest in a teapot, any potential prejudice is overcome by allowing JPMC to increase its word count.

DATED: March 26, 2015      Respectfully submitted,

*/s/ William Weidner*
William J. Weidner,
Bell Law Firm, P.C.
29100 SW Town Center Loop W, #200
Wilsonville, Oregon 97070
Tel: (503) 682-8840; Email: Bill@blf-pc.com
*Attorney for Plaintiff-Appellant, Pi-Net International, Inc.*

And

Dr. Lakshmi Arunachalam, *Pro Se* Plaintiff-Appellant

Dr. Lakshmi Arunachalam,
222 Stanford Avenue,
Menlo Park, CA 94025
Tel: 650.690.0995
laks22002@yahoo.com
*Pro Se Plaintiff-Appellant*, *Dr. Lakshmi Arunachalam*

# UNITED STATES COURT OF APPEALS FOR THE FEDERAL CIRCUIT

**Pi-Net International, Inc. and Dr. Lakshmi Arunachalam**
v.
**JPMorgan Chase & Co.**
**No. 14-1495**
**CERTIFICATE OF SERVICE**

I certify that I have served a copy of the attached document and Court Docket Docs. 45, 46, 47 and Dr. Sherna Madan's medical certificate for Dr. Arunachalam, and individual Declarations by Bill Weidner and Dr. Lakshmi Arunachalam on counsel of record for Defendant-Appellee, J.P. Morgan Chase & Co. on March 26, 2015 by Electronic Means (by email):

| | |
|---|---|
| Robert S. Saunders | rob.saunders@skadden.com |
| Jessica Raatz Kunz | Jessica.Kunz@skadden.com |
| Daniel A. DeVito | Daniel.DeVito@skadden.com |
| Douglas R. Nemec | Douglas.Nemec@skadden.com |
| Edward L. Tulin | Edward.Tulin@skadden.com |
| Andrew D. Gish | Andrew.Gish@skadden.com |

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
920 King Street, 7th Floor          Four Times Square
Wilmington, DE 19801               New York, NY 10036
Tel: (302) 651-3000                 Tel: (212) 735-3000
*Attorneys for Defendant-Appellee, JPMorgan Chase & Co.*

DATED: March 26, 2015          */s/ William Weidner*
                              William J. Weidner
                              Bell Law Firm, P.C.
                              29100 SW Town Center Loop W, #200
                              Wilsonville, Oregon 97070
                              Telephone: (503) 682-8840
                              Email: Bill@blf-pc.com
        *Attorney for Plaintiff-Appellant, Pi-Net International, Inc.*
                              **And**
                              Dr. Lakshmi Arunachalam,
                              222 Stanford Avenue,
                              Menlo Park, CA 94025
                              Tel: 650.690.0995, laks22002@yahoo.com
        *Pro Se Plaintiff-Appellant, Dr. Lakshmi Arunachalam*

_____

IN THE
# UNITED STATES COURT OF APPEALS
FOR THE FEDERAL CIRCUIT

_____

## PI-NET INTERNATIONAL, INC.,
*Plaintiff-Appellant,*

**AND**

## DR. LAKSHMI ARUNACHALAM,
*Plaintiff-Appellant,*

**V.**

## JPMORGAN CHASE & CO.,
*Defendant-Appellee,*

_____

Appeal from the United States District Court for the District of Delaware
in Case No. 1:12-cv-00282, Judge Sue L. Robinson
_____

## DECLARATION OF WILLIAM J. WEIDNER

I, William J. Weidner, declare under penalty of perjury that the foregoing is true
and correct:

1.     I am an attorney working at the law firm of Bell Law Firm, P.C. and am lead
counsel for Plaintiff-Appellant Pi-Net International, Inc. (hereafter "Pi-Net")  in
the above- captioned action. I have personal knowledge of the facts in this

declaration. I submit this declaration in further support of Plaintiff-Appellant Pi-Net International, Inc.'s Response per court order of March 17, 2015, Doc. 67.

2.      Attached hereto are true and correct copies of the following documents: Court Docket Doc. 45 of Pi-Net's Motion for Extension of Time to file the Opening Brief, primarily due to medical reasons from  Dr. Lakshmi Arunachalam's health having been decompensated by her extra-long working hours of 22 hours a day continuously for an extended period of time. She is diabetic and is 67 years old and her blood pressure and blood sugar have gone up from stress and extra-long working hours. I have myself seen her working into the wee hours of the night and sometimes working all night and day, and I have chided her myself that she cannot afford to pull an all-nighter and that she is not young any more like a college student.

Court Docket Doc. 46 of Pi-Net's Supplemental Information provided to the Court with a Doctor's Certificate on Dr. Arunachalam's medical condition.

Court Docket Doc. 46 of Dr. Sherna Madan's Certificate on Dr. Arunachalam's medical condition.

Court Docket Doc. 47:  Court Order granting  Pi-Net's Motion for Extension of Time and staying the briefing schedule until the Motion to Substitute was ruled upon.

3.    I used the tool provided by Microsoft Word to count the number of words in the Brief and wrote down correctly the number, 13,862. I certified truly accordingly  the number of words in the Brief and it was less than 14000 words. I worked diligently with Dr. Arunachalam to complete the Brief and file it. We had no malice or conspiracy to deceive the Court or to present a false impression. Had Dr. Arunachalam and I had the time on December 1, 2015, when I filed the Opening Brief, we would have prepared a Table of Authorities with the citations and references expanded out and with a notation of TOA No. 1-n in the Table of Authorities, where TOA stands for Table of Authorities and denoted TOA1 everywhere that reference was cited in the Brief. Had Dr. Arunachalam and I had the time on December 1, 2015, when I filed the Opening Brief, we would have prepared a Table of Notations. None of these fixes would alter the word count. We used standard notations used in the patent world to denote patent number, line and column numbers. Likewise, the use of cross-references were not intended to disregard any Court Rules. The phrase "POSvc application" is as it appears in the patents-in-suit on Columns 3, 6, 7 and 9. JPMC has made a false statement.

5.    Pi-Net's principal and CEO and inventor and assignee of the patents-in-suit, Dr. Lakshmi Arunachalam, has expressed to me  her concern for her health as a result of having worked on Pi-Net's initial brief for the 20-plus hours per day in

anticipation of the filing deadline, compounded by her age and history with high-blood pressure and diabetes.

6.      Defendant-Appellee has exaggerated and made a mountain out of a molehill over this word count issue, painting me and my client in a bad light to the Court.

7. This is my first time writing an Appeal Brief at the Federal Circuit. It is also the first time for Dr. Arunachalam writing an Appeal Brief at the Federal Circuit.

8.      The Court dismissing the Appeal at this time would prejudice my client greatly. My client, Pi-Net International, Inc., Dr. Arunachalam and I have worked diligently and sincerely together to meet the Court rules of staying within the 14,000 word limit in the Opening and Corrected Appeal Briefs and making sure that we follow the Court's Rules and guidelines in every aspect.

Executed on March 26, 2015           */s/ William Weidner*
                                      William J. Weidner
                                      29100 SW Town Center Loop W, #200
                                      Wilsonville, Oregon 97070
                                      Telephone: (503) 682-8840
                                      Email: Bill@blf-pc.com

---

IN THE
# UNITED STATES COURT OF APPEALS
FOR THE FEDERAL CIRCUIT

---

### PI-NET INTERNATIONAL, INC.,
*Plaintiff-Appellant,*

**AND**

### DR. LAKSHMI ARUNACHALAM,
*Plaintiff-Appellant,*

**V.**

### JPMORGAN CHASE & CO.,
*Defendant-Appellee,*

---

Appeal from the United States District Court for the District of Delaware
in Case No. 1:12-cv-00282, Judge Sue L. Robinson

---

## <u>DECLARATION OF DR. LAKSHMI ARUNACHALAM</u>

I, Dr. Lakshmi Arunachalam, declare under penalty of perjury that the foregoing is

true and correct:

1.      I am the principal and CEO for Plaintiff-Appellant Pi-Net International, Inc.

(hereafter "Pi-Net") in the above- captioned action. I am the assignee and inventor

of the patents-in-suit. I have personal knowledge of the facts in this declaration. I

submit this declaration in further support of Plaintiff-Appellant Pi-Net International, Inc.'s Response per court order of March 17, 2015, Doc. 67.

2.      Attached hereto are true and correct copies of the following documents: Court Docket Doc. 45 of Pi-Net's Motion for Extension of Time to file the Opening Brief, primarily due to medical reasons from  my health having been decompensated by my extra-long working hours of 22 hours a day continuously for an extended period of time. I am diabetic and am  67 years old and my blood pressure and blood sugar have gone up very high from stress and extra-long working hours. Mr. Weidner has seen me working into the wee hours of the night and sometimes working all night and day, and he has chided me that I  cannot afford to pull an all-nighter and that I am not young any more like a college student.

Court Docket Doc. 46 of Pi-Net's Supplemental Information provided to the Court with a Doctor's Certificate on Dr. Arunachalam's medical condition.

Court Docket Doc. 46 of Dr. Sherna Madan's Certificate on Dr. Arunachalam's medical condition.

Court Docket Doc. 47:  Court Order granting Pi-Net's Motion for Extension of Time and staying the briefing schedule until the Motion to Substitute was ruled upon.

3.     I used the tool provided by Microsoft Word to count the number of words in the Brief and wrote down correctly the number, 13,862. Mr. Weidner certified truly accordingly the number of words in the Brief and it was less than 14000 words. I worked diligently with Mr. Weidner to complete the Brief and file it. We had no malice or conspiracy to deceive the Court or to present a false impression. Had I and Mr. Weidner had the time on December 1, 2015, when the Opening Brief was filed, we would have prepared a Table of Authorities with the citations and references expanded out and with a notation of TOA No. 1-n in the Table of Authorities, where TOA stands for Table of Authorities and denoted TOA1 everywhere that reference was cited in the Brief. The use of spaces was not to deceive the Court in any manner. Had I and Mr. Weidner had the time on December 1, 2015, when the Opening Brief was filed, we would have prepared a Table of Notations. None of these fixes would alter the word count. We used standard notations used in the patent world to denote patent number, line and column numbers. Likewise, the use of cross-references were not intended to disregard any Court Rules. The phrase "POSvc application" is as it appears in the patents-in-suit on Columns 3, 6, 7 and 9. JPMC has made a false statement.

5.     I have expressed to Mr. Weidner my concern for my health as a result of having worked on Pi-Net's initial brief for the 20-plus hours per day in anticipation

of the filing deadline, compounded by my age and history with high-blood pressure and diabetes.

6.     Defendant-Appellee has exaggerated and made a mountain out of a molehill over this word count issue, painting me and Mr. Weidner in a bad light to the Court.

7. This is my first time writing an Appeal Brief at the Federal Circuit. It is also the first time for Mr. Weidner writing an Appeal Brief at the Federal Circuit.

8.     The Court dismissing the Appeal at this time would prejudice me and Pi-Net greatly. Pi-Net International, Inc.  Mr. Weidner and I have worked diligently and sincerely together to meet the Court rules of staying within the 14,000 word limit in the Opening and Corrected Appeal Briefs and making sure that we followed the Court's Rules and guidelines in every aspect.

*Lakshmi Arunachalam*

Executed on March 26, 2015          */s/ Lakshmi Arunachalam*
                                     Dr. Lakshmi Arunachalam
                                     222 Stanford Avenue
                                     Menlo Park, CA 94025
                                     Telephone: (650) 690-0995
                                     Email: laks22002@yahoo.com