**2014-1495**

UNITED STATES COURT OF APPEALS FOR THE FEDERAL CIRCUIT

PI-NET INTERNATIONAL, INC.,

Plaintiff-Appellant,

AND

DR. LAKSHMI ARUNACHALAM,

Plaintiff-Appellant,

v.

JPMORGAN CHASE & CO.,

Defendant-Appellee.

*Appeal from the United States District Court for the District of Delaware in Case No. 1:12-cv-00282, Judge Sue L. Robinson*

**RESPONDENT JPMORGAN CHASE & CO.'S STATEMENT ADDRESSING APPELLANTS' RESPONSE TO SHOW CAUSE ORDER**

Douglas R. Nemec
Daniel A. DeVito
Edward L. Tulin
Andrew D. Gish
SKADDEN, ARPS, SLATE
  MEAGHER & FLOM LLP
Four Times Square
New York, New York 10036-6522
Tel.: (212) 735-3000

Robert S. Saunders
Jessica R. Kunz
SKADDEN, ARPS, SLATE
   MEAGHER & FLOM LLP
920 N. King Street, 7th Floor
Wilmington, Delaware 19801
Tel.: (302) 651-3000

*Attorneys for Defendant-Appellee
JPMorgan Chase & Co.*

April 2, 2015

# TABLE OF CONTENTS

I. APPELLANTS HAD AMPLE OPPORTUNITY TO FILE A BRIEF IN COMPLIANCE WITH RULE 32 ................................................................. 2

II. DESPITE CLAIMED INEXPERIENCE, APPELLANTS KNEW OF THE 14,000 WORD LIMITATION OF RULE 32 .......................................... 4

III. EVEN IF JPMC CAN DISCERN THE MEANING OF THE TERMS IN APPELLANTS' BRIEF, THAT DOES NOT EXCUSE APPELLANTS' INFRACTION ....................................................................... 6

IV. CONCLUSION ............................................................................................. 8

# TABLE OF AUTHORITIES

**CASES**

*Abner v. Scott Memorial Hospital*,
    634 F.3d 962 (7th Cir. 2011) ................................................................... 7, 8

*Chambers v. NASCO, Inc.*,
    501 U.S. 32 (1991) ........................................................................................ 7

**RULES**

Federal Rule of Appellate Procedure 32 ................................................................ 6

Defendant-Appellee JPMorgan Chase & Co. ("JPMC") respectfully submits this statement addressing Pi-Net International, Inc. ("Pi-Net") and Dr. Lakshmi Arunachalam's (collectively, "Appellants") Response Per Court Order of March 17, 2015 (Dkt. No. 69, "Appellants' Response").  Although JPMC is reluctant to further burden the Court with another submission on this topic, JPMC is compelled to do so in order to address certain inaccurate and misleading statements in Appellants' Response.

Appellants do not contest that they manipulated the word count of their Brief in contravention of the limits set forth in Federal Rule of Appellate Procedure 32(a)(7)(B) (henceforth, "Rule 32"), and thus cannot credibly dispute that Mr. Weidner falsely certified that Pi-Net's initial brief fell below 14,000 words.  (*E.g.*, Dkt. No. 69 at 13 (admitting that, because of time constraints, its brief "was not perfected"); Dkt. No. 9 (contending that Appellants made a "genuine effort to meet the word count limit").)  Instead, Appellants argue that their infraction should be excused because (1) Appellants did not have sufficient "opportunity" to file a brief in compliance with Rule 32 (Dkt. No. 69 at 13); (2) Both Pi-Net's CEO and Pi-Net's counsel lack experience before the Federal Circuit (*id.* at 10, 18, 25); and (3) Appellants' efforts to artificially deflate the word count of their brief are unimportant, because JPMC can figure out what Appellants meant even when spaces are deleted between separate words (*id.* at 6 ("JPMC has made a mountain

out of a molehill.")). None of these excuses provides cause to allow Appellants' appeal to proceed without consequences, and holding otherwise would create a dangerous precedent.

I. **APPELLANTS HAD AMPLE OPPORTUNITY TO FILE A BRIEF IN COMPLIANCE WITH RULE 32**

Appellants argue that the true word count of their brief is irrelevant because, had they been given more time beyond December 1, 2014, they "would have . . . had an opportunity to perfect [their] Opening Brief." (Dkt. No. 69 at 13-17.) Appellants' assertion rings hollow for several reasons.

First, Pi-Net filed this appeal on May 23, 2014, which meant that the original due date for Pi-Net's brief was July 22, 2014. (*See* Dkt. No. 1.) Pi-Net sought and obtained multiple extensions of time to file its brief. (Dkt. Nos. 19, 20, 23, 32, 45, 46, and 47.) When Pi-Net finally filed its initial brief, more than *four months* had passed from the time that this brief was originally due. In the interim, Pi-Net found the time to flood the docket in this case with numerous filings, including multiple motions and letters. (*E.g.*, Dkt. Nos. 28, 36, and 41.) Appellants had far more time to compose and file their initial brief than is typical in an appeal before this Court.

Second, Appellants knew or should have known that their initial brief was not due on December 1, 2014. Appellants attempt to blame this Court for their choice to file their brief at that time, and accuse the Court of issuing a "confusing

order, with unknown deadline for filing opening brief, requiring clarification." (Dkt. No. 69, at 9.) Even if that were true, Appellants admittedly received clarification on this point from the Clerk of this Court, such that they knew "Pi-Net was not even required to file the Brief on December 1, 2014." (Dkt. No. 69 at 13; *see also id.* at 9 ("With regard to the so-called deadline date of December 1, 201[4], the Clerk's office stated to Pi-Net's counsel, Mr. Weidner and Dr. Arunachalam on the phone that the filing deadline had been stayed.").) Thus, Appellants knew they had additional time to reduce the size of their brief; Pi-Net's decision to file its brief before it had finished "reducing the word count" was entirely of its own making. (*Id.* at 10.)

Finally, Appellants argue that an "emergency medical crisis" was the reason that Appellants were unable to further reduce the word count in their initial brief. (*Id.* at 13.) While Dr. Arunachalam's medical condition may have limited the amount of time that she could work on Pi-Net's brief prior to December 1, 2014, Pi-Net has been represented by Mr. Weidner since November 3, 2014—nearly a month before Pi-Net chose to file its brief. Appellants do not argue that Mr. Weidner was incapable of drafting an appellate brief, nor that it was necessary for Dr. Arunachalam to be the principal draftsperson of Pi-Net's brief, as she apparently was.

3

Moreover, Appellants have had multiple opportunities since December 1, 2014, to file a corrected brief that did not artificially deflate the word count. On December 18, 2014, JPMC informed Pi-Net that it believed Pi-Net's brief was not in compliance with Rule 32, and stated that JPMC would not oppose a motion seeking leave to correct the brief. (*E.g.*, Dkt. No. 66-2 at 242.) Pi-Net took no action. Then, when Dr. Arunachalam was joined as an individual party on February 5, 2015, the Court granted her an additional 14 days "to file her own appeal brief or file a statement that she adopts Pi-Net International, Inc.'s brief as her brief." (Dkt. No. 59 at 2.) Dr. Arunachalam took no action, other than to adopt Pi-Net's brief as her own. (Dkt. No. 62.) Dr. Arunachalam never indicated that her medical condition prevented her from filing a proper appeal brief by February 19, 2015 (nearly nine months after this appeal had been filed), and Appellants never sought an additional extension beyond February 2015 based on medical reasons.

## II.  DESPITE CLAIMED INEXPERIENCE, APPELLANTS KNEW OF THE 14,000 WORD LIMITATION OF RULE 32

Appellants repeatedly argue that their violations should be excused because it was Mr. Weidner and Dr. Arunachalam's "first time . . . writ[ing] and fil[ing] an Appeal Brief at the CAFC," (Dkt. No. 69 at 18, 25, 29), and they were not "familiar[] with the court rules" (*id.* at 6.) While inexperience and ignorance are never excuses for violating rules and procedures, Mr. Weidner explicitly certified that he was familiar with the one rule at issue here—Rule 32. (Dkt. No. 56 at 69

4

("The undersigned hereby certifies that this brief complies with the type-volume limitation of Federal Rules of Appellate Procedure 32(a)(7)(B)").)

Relatedly, Appellants complain that their failure to comply with Rule 32 should be excused because "a pro se Plaintiff should be given a lot of leeway in making errors." (Dkt. No. 69 at 18.) However, Pi-Net has never been a pro se plaintiff. When Appellants' brief was filed on December 1, 2014 (and when a corrected version was filed on December 5, 2014), Dr. Arunachalam had not been joined as a party, and Pi-Net was represented by William Weidner. (*See* Dkt. Nos. 51, 56, and 59.) Indeed, Pi-Net's Brief lists Mr. Weidner as counsel and Mr. Weidner personally certified compliance with Rule 32. (Dkt. No 56 at 69.) Mr. Weidner continues to represent Pi-Net today. (*E.g.*, Dkt. No. 69.)

Similarly, Dr. Arunachalam's tale of hardship is misplaced. Dr. Arunachalam was not forced to represent herself; she aggressively lobbied for the right to do so, claiming she possessed the requisite skills. (*E.g.*, Dkt. No. 35 at 2 ("Defense counsel appears intimidated at having to deal with an <u>informed</u> *pro se* plaintiff who is not interested in supporting the unwritten rules among the 'old boy' network.") (emphasis added); *see also* Dkt. Nos. 31, 36, 44.) Dr. Arunachalam's present attempt to claim ignorance is belied by her prior representations to this Court. Moreover, even if lenience were appropriate, pro se litigants are afforded

5

latitude for navigating the nuances of unfamiliar procedures and legal doctrines, not for deliberately deceiving the Court.

### III. EVEN IF JPMC CAN DISCERN THE MEANING OF THE TERMS IN APPELLANTS' BRIEF, THAT DOES NOT EXCUSE APPELLANTS' INFRACTION

JPMC outlined twelve examples of how Appellants deleted spaces between words so as to give Appellants more room to make substantive arguments. (Dkt. No. 65 at 4.) Appellants readily admit that this was their strategy, and contend only that they ran out of time to provide a "Table of Notations in the Brief," which apparently would have provided a "notation" for each and every one of the dozens of instances where Appellants redefined separate words. (Dkt. No. 69 at 17.) This was not an instance where a party uses a common industry abbreviation or a few defined terms; this was clearly intended to be an end-run around the requirements of Rule 32. This rule was specifically designed to eliminate "typographical 'tricks' to squeeze more material" into a brief. Fed. R. App. P. 32, advisory comm. notes to 1998 amends. Appellants have admittedly employed a series of typographical tricks; under Appellants' approach, a party could easily omit all record and case citations from the body of its brief, count each of them as a single, abbreviated word, and effectively increase the word count limitation by hundreds or even thousands of words. Appellants took intentional action that, if countenanced by

6

this Court, will assuredly change the way that parties approach their appellate briefs.

Appellants argue that JPMC is nonetheless making a "mountain out of a molehill," and presenting a "tempest in a teapot" by insisting that Appellants should be held to the clear language of Rule 32. (Dkt. No. 69 at 19.) Appellants assert that JPMC, by manually inserting spaces into Appellants' citations, could understand the references that Appellants are making. (*Id.* at 15-17.) That approach to compliance with Rule 32—under which a party can eliminate spaces between any citations or words to decrease the word count, so long as the meaning of the words can be discerned by reintroducing those spaces—would effectively eliminate Rule 32.

Notwithstanding their intentional attempt to effect an end-run around Rule 32, Appellants warn that dismissal of this appeal "would be denying [them] due process." (Dkt. No. 69 at 13.) However, they cite no supporting case law. In reality, dismissal is appropriate where a party abuses procedural rules, including Rule 32. *See Chambers v. NASCO, Inc.*, 501 U.S. 32, 44-45 (1991) (finding that courts have the authority "to fashion an appropriate sanction for conduct which abuses the judicial process," including dismissal).

For instance, in the analogous case of *Abner v. Scott Memorial Hospital*, the appellant falsely certified that its brief contained 13,877 words, when in fact it

contained nearly 18,000 words. 634 F.3d 962, 963 (7th Cir. 2011). When it learned of this deception, the Court issued an "order to show cause 'why their brief should not be stricken and/or sanctions imposed for failing to comply with Rule 32 and making a false representation to the court.'" *Id*. Although the appellant claimed that it misinterpreted the rules and "'inadvertently considered only the words included in the argument section of the brief,'" the Court found this explanation unpersuasive in light of the clarity of the rule. *Id*. Ultimately, the *Abner* Court dismissed the appeal for lack of merit. *Id*. at 965. However, that Court explained that false word count certifications are particularly problematic because of the risk that they could go "unnoticed." *Id*. at 963. In this case, Appellants' "typographical tricks" did in fact go unnoticed by this Court until JPMC raised them.

## IV. CONCLUSION

For the foregoing reasons, JPMC respectfully submits that Appellants have failed to show cause "why the appeal should not be dismissed for failure to file an opening brief in compliance with the court's rules." (Dkt. No. 67 at 2.)

|  |  /s/ Douglas R. Nemec |
|---|---|
|  | Daniel A. DeVito |
| Robert S. Saunders (ID No. 3027) | Douglas R. Nemec |
| Jessica Raatz Kunz (ID No. 5698) | Edward L. Tulin |
| SKADDEN, ARPS, SLATE, | Andrew D. Gish |
|   MEAGHER & FLOM LLP | SKADDEN, ARPS, SLATE, |
| 920 N. King Street, 7th Floor |   MEAGHER & FLOM LLP |
| Wilmington, Delaware 19801 | Four Times Square |
| Tel.: (302) 651-3000 | New York, New York 10036 |
| Fax: (302) 651-3001 | Tel.: (212) 735-3000 |
| rob.saunders@skadden.com | daniel.devito@skadden.com |
| jessica.kunz@skadden.com | douglas.nemec@skadden.com |
|  | edward.tulin@skadden.com |
|  | andrew.gish@skadden.com |
|  | *Attorneys for Defendant-Appellee* |
| Dated: April 2, 2015 | *JPMorgan Chase & Co.* |

# CERTIFICATE OF INTEREST

Counsel for appellee JPMorgan Chase & Co. certifies the following:

1. The full name of every party or amicus who has been represented by me is:

JPMorgan Chase & Co.

2. The name of the real party in interest (if the party named in the caption is not the real party in interest) represented by me is:

JPMorgan Chase & Co.

3. All parent corporations and any publicly held companies that own 10 percent or more of the stock of the party or amicus curiae represented by me are:

None.

4. The names of all law firms and the partners or associates that appeared for the party or amicus now represented by me in the trial court or agency or are expected to appear in this court are:

Skadden, Arps, Slate, Meagher & Flom LLP (Daniel A. DeVito, Douglas R. Nemec, Robert S. Saunders, Edward L. Tulin, Andrew D. Gish, Jessica R. Kunz)

Date: April 2, 2015                       */s/ Douglas R. Nemec*

# UNITED STATES COURT OF APPEALS
# FOR THE FEDERAL CIRCUIT

*Pi-Net International, Inc. v. JPMorgan Chase & Co.*,
No. 14-1495

## CERTIFICATE OF SERVICE

I certify that, on April 2, 2015, a copy of the attached document was served via email on Dr. Lakshmi Arunachalam and counsel for Pi-Net International, Inc. at the following addresses:

>William J. Weidner
>Bell Law Firm, P.C.
>29100 SW Town Center Loop W, #200
>Wilsonville, Oregon  97070
>Tel.:  (503) 682-8840
>Fax:  (503) 682-9895
>Email:  bill@blf-pc.com
>
>Dr. Lakshmi Arunachalam
>222 Stanford Avenue
>Menlo Park, CA 94025
>Tel:  (650) 854-3393
>Email:  laks22002@yahoo.com

>*/s/ Douglas R. Nemec*